BEASLEY *v.* STEEN.

(Division A.   May 18, 1931.)

[134 So. 581.   No. 29463.]

Hilton & Hilton, of Mendenhall, for appellant.

J. P. & A. K. Edwards, of Mendenhall, for appellee.

Cook, J., delivered the opinion of the court..

The appellant, as trustee in a series of deeds of trust executed by Sexton Little in favor of the Georgetown

Mercantile Company, beneficiary, filed a replevin suit in the court of a justice of the peace of Simpson county, against the appellee, M. C. Steen, seeking to recover possession of a certain mule described in said deeds of trust, and which had been sold to the appellee by the said Little.

In the justice court there was a judgment in favor of the appellee, from which an appeal was prosecuted to the circuit court. Upon the trial of the cause in the circuit court, the jury returned a verdict in favor of the appellee, and, from the judgment entered on this verdict, the said trustee prosecuted this appeal.

The proof offered at the trial of the cause in the circuit court showed that the appellee purchased the mule in question from the said Sexton Little in February, 1927, and paid value therefor; that at the time of this sale of the mule the last renewal note and deed of trust, executed in March, 1925, by the said Little to the Georgetown Mercantile Company, was not cancelled of record, and it recited that it was given to secure a note for one hundred forty dollars and twenty-four cents, due and payable July 1, 1925, and such other amounts as might be advanced to the grantor by the grantee during the year 1925. It was further shown that in November, 1927, in a proceeding in the chancery court, the Georgetown Mercantile Company was granted a decree, adjudging that, when the aforesaid note, and renewal deed of trust securing the same, were executed, it was the intention of the grantor and grantee to execute a note and deed of trust evidencing and securing an indebtedness of two hundred fifty-one dollars and forty-three cents, instead of one hundred forty dollars and twenty-four cents, as incorporated therein by mutual error and mistake, and ordering the said note and deed of trust to be reformed and corrected to accord with this intention of the parties, and directing the trustee in the deed of trust to proceed to foreclose the same to satisfy a balance of one hundred eighty-one dollars and eighty-

five cents, found to be due the Georgetown Mercantile Company by the said Sexton Little.

The appellee was not a party to the proceedings in chancery to reform the said note and deed of trust executed by Little to the Georgetown Mercantile Company, and in the trial of this replevin suit he offered, and over the objections of the appellant was permitted to show that, when he purchased the mule in 1927, the said Little represented to him that it was free of all liens and incumbrances, and that he (Little) then held a receipt executed by the bookkeeper of the Georgetown Mercantile Company, reciting that the indebtedness secured by the aforesaid deed was paid in full, and that he relied upon these representations. This receipt was not produced in evidence, but it was shown without contradiction that such a receipt was offered in evidence at the trial of the suit in the chancery court for reformation, and that it was there lost or mislaid and could not be found after a diligent search; and that such a receipt was issued by the Georgetown Mercantile Company and was in possession of the grantor in the deeds of trust at the time of the sale of the mule in question is not disputed in the evidence.

Aside from the constructive notice to the appellees of the existence of the deed of trust afforded by the uncanceled record thereof, the reasonable and necessary inference from the evidence is that he had actual notice of it, and the only question necessary to consider is whether or not, in the face of this actual and constructive notice of the deed of trust, he was entitled to rely upon the representation that it had been paid in full, and was consequently an innocent purchaser for value. We think, under the facts stated, that he had the right to rely upon the representations of the grantor in the deed of trust, which were supported by, and based upon, a receipt issued and placed in the hands of such grantor by the grantee in the deed of trust, and that his

right so to do is not affected by the fact that subsequently the grantee in the deed of trust successfully disputed the receipt and established an indebtedness due at the time of the sale of the mule. Having issued the receipt and placed it in the hands of the grantor, who thereafter sold the property under representations based thereon, the Georgetown Mercantile Company and its trustee are now estopped to assert any right to the property so sold, as against a purchaser who relied in good faith on representations based thereon. The judgment of the court below will therefore be affirmed.

Affirmed.